UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
LUZ DARY MARULANDA,

       Petitioner,                             07 CV 5301 (SJ)


       v.                                  <u>MEMORANDUM</u>
                                                    <u>AND ORDER</u>

UNITED STATES OF AMERICA,

       Respondent.

------------------------------------------------X

A P P E A R A N C E S

LUZ DARY MARULANDA, *PRO SE*
Reg. # 64017-053
FCI Danbury
Route 37 Pembroke Station
Danbury, CT 06811

UNITED STATES ATTORNEY
Benton J. Campbell
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Walter Norkin


JOHNSON, Senior District Judge:

      Pursuant to 28 U.S.C. § 2255, petitioner Luz Dary Marulanda ("Petitioner" or "Marulanda") requests that the Court lower her sentence because of two alleged violations (the "Petition"). First, Marulanda argues that she received ineffective

1

assistance of counsel because her attorney failed to explain the Sentencing Guidelines, failed to argue at sentencing for a downward departure due to the aberrant nature of the offense, and refused to file an appeal on her behalf. Second, Marulanda argues that the Court erred in sentencing her because it imposed a sentence based on facts not proved beyond a reasonable doubt or admitted by Petitioner and because it did not adequately consider the factors listed in 18 U.S.C. § 3553(a). For the following reasons, the Petition is DENIED.

I. Background

In May 2006, a confidential informant contacted the Drug Enforcement Administration ("DEA") and told agents about a Colombian cocaine distribution organization operating in Queens, New York. (See Marulanda Pre-Sentence Investigation Report ("PSR") at ¶ 2.) The informant told the agents that on April 13, 2006, he had received 2 kilograms of cocaine from members of the organization, including Marulanda, and was supposed to sell it. (See id. at ¶ 3.) Prior to the sale, however, the cocaine was stolen. (See id. at ¶4.) The informant reached out to the DEA for protection after meetings with members of the organization, including Marulanda, where some members demanded that he pay them for the stolen cocaine and threatened him if he failed to do so. (See id. at ¶¶ 5-6.) Subsequently, a DEA agent went undercover and met with members of the organization, including Marulanda, who admitted their role in supplying the

2

cocaine to the informant. (See id. at ¶ 7.) Marulanda was arrested on June 20, 2006. (Id. at ¶ 8.)

On October 11, 2006, Marulanda pled guilty before then-Magistrate Judge Kiyo A. Matsumoto to conspiring to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). (PSR at ¶ 1.) Because Marulanda pled guilty pursuant to a plea agreement with the Government,[1] she was permitted to plead to a lesser-included offense within Count Two of the two-count indictment; specifically Marulanda pled guilty to conspiring to possess 2 kilograms of cocaine, whereas Count Two had charged her with at least 5 kilograms. (Id.; Plea Agr. at ¶ 1.)

The plea agreement correctly advised Marulanda of the relevant statutory penalties for the crime to which she agreed to plead guilty, including a mandatory minimum sentence of 60 months. (Plea Agr. at ¶ 1.) The agreement estimated that with a predicted total offense level of 25, and a criminal history category of I, Marulanda's sentencing range under the Sentencing Guidelines would likely be 57-71 months. (Id. at ¶ 2.) Under the agreement, Marulanda agreed "not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court imposes a term of imprisonment of 78 months or below." (Id. at ¶ 4.)

---

[1] Contrary to Marulanda's claim in the Petition that she did not have a plea agreement, the record is clear that she signed a plea agreement with the Government on October 4, 2006. (Marulanda Plea Agreement, Ex. A to Gov't Mem. Opp. 2255 Pet. ("Plea Agr."); Tr. of 10/11/06 at 12-13.)

3

P-049

During the plea allocution on October 11, 2006, Judge Matsumoto verified that Marulanda: was satisfied with her attorney's representation, (Tr. of 10/11/06 at 8); understood the charge to which she was pleading guilty, (id. at 9); understood the constitutional rights that she was waiving by pleading guilty, including her right to a jury trial where the Government would bear the burden of proving her guilty beyond a reasonable doubt, (id. at 9-12); had voluntarily signed the plea agreement after having it translated and discussing it with her attorney, (id. at 12-13); and understood the possible sentences. (Id. at 13-19.) Judge Matsumoto specifically verified that Marulanda understood that, under the terms of her plea agreement, she agreed not to appeal or challenge her conviction or sentence if sentenced to a term of imprisonment of less than 78 months. (Id. at 15.) Finally, Judge Matsumoto established that Marulanda was pleading guilty voluntarily and had Marulanda describe the offense in her own words. (Id. at 20-22.)

Marulanda was sentenced by this Court on January 5, 2007. In a sentencing submission dated December 29, 2006, and again at sentencing, Marulanda's attorney argued that her total offense level should be reduced due to her eligibility for the safety valve and her minor role in the offense. (Letter of 12/29/06 at 6-7; Tr. of 1/5/07 at 5.) He also challenged the drug weight for which Marulanda was held responsible, arguing that it was less than 2 kilograms. (Letter of 12/29/06 at 5-6; Tr. of 1/5/07 at 3.)

P-049

At sentencing, the Court first ascertained that Marulanda had read and discussed the PSR with her attorney and was prepared for sentencing. (Tr. of 1/5/07 at 2.) The Court then granted Marulanda a reduction for the safety valve, but denied the other reductions argued for by her attorney, resulting in a Guideline range of 46 to 57 months. (Tr. of 1/5/07 at 12-13.) The Court ultimately sentenced her to 46 months, the bottom of the Guideline range, and below the statutory mandatory minimum of 60 months. (Id.)

On January 30, 2007, Marulanda filed a notice of appeal. Subsequently, her attorney submitted a brief to the Court of Appeals for the Second Circuit pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no non-frivolous issues to raise on appeal. (See Ex. D to Gov't Mem. Opp. 2255 Pet.) Marulanda filed no other submissions and the Court of Appeals summarily affirmed the judgment in a mandate issued July 26, 2007. On December 17, 2007, Marulanda filed the instant Petition.

II. Discussion

A. Waiver of Right to Bring a Section 2255 Petition

As discussed supra, Marulanda's plea agreement waived her right to appeal or challenge under section 2255 her conviction and sentence, so long as the sentence fell below 78 months. With few exceptions, such waivers are generally

5

enforceable. See Garcia-Santos v. United States, 273 F.3d 506 (2d Cir. 2001) (upholding waiver of right to attack conviction under section 2255); United States v. Garcia, 166 F.3d 519 (2d Cir. 1999) (per curiam) (upholding waiver barring appeal). One such exception is a claim that ineffective assistance of counsel caused the defendant to accept the plea agreement containing the waiver; with respect to claims of ineffective assistance of counsel that are limited to post-plea events (e.g. sentencing), however, the waiver remains enforceable. See Okupe v. United States, No. 08 CV 693, 2009 WL 455289, at *2 (E.D.N.Y. Feb. 23, 2009) (Dearie, J.). In sum, so long as "the record clearly demonstrates that the defendant's waiver of her right to appeal a sentence within an agreed Guideline range was knowing and voluntary, that waiver is enforceable." United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004).

In the instant case, the Petition does not challenge the validity of the plea, but instead seeks only a lower sentence. Marulanda's ineffective assistance of counsel allegations concern only the sentencing and appeal phases. Moreover, the transcript of Marulanda's plea allocution reveals that Marulanda knowingly and voluntarily pled guilty pursuant to a plea agreement that she had voluntarily signed and that she understood that in doing so, she waived her right to appeal or challenge a sentence below 78 months. Judge Matsumoto specifically asked Marulanda if she understood that waiver and Marulanda indicated that she did. (Tr. of 10/11/06 at 15.) Marulanda was sentenced to 46 months, a term significantly

P-049

below the 78 months limit in the plea agreement. The Petition is therefore barred as a result of Marulanda's waiver.

B. Procedural Bar Due to Failure to Raise Claims on Appeal

In addition, Marulanda's argument challenging the reasonableness of the sentence imposed by the Court is also procedurally barred because Marulanda failed to raise it on direct appeal.

Relief under section 2255 "is an extraordinary remedy," not a substitute for a direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998). As a result, claims made under section 2255 that were not raised on direct appeal are procedurally barred by default.[2] See id. at 621-22. A habeas petitioner can avoid this procedural bar only if he "can first demonstrate either cause and actual prejudice or that he is actually innocent." Id. at 622 (internal citations and quotation marks omitted). To demonstrate cause, a petitioner must show that "some objective factor external to the defense" prevented him from raising the claim on appeal. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show "*actual* and substantial disadvantage," not merely the possibility of prejudice. Id. (quoting United States v. Frady, 456 U.S. 152, 170

---

[2] This rule does not apply to claims of ineffective assistance of counsel, therefore, Marulanda's claims of ineffective assistance of counsel are not barred on this basis. See Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

7

(1980)) (emphasis in original). Finally, to show actual innocence, a petitioner must show "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

In the instant case, Marulanda did not raise any claims on appeal. The Petition demonstrates neither cause for such failure, nor alleges that Marulanda is actually innocent. As discussed supra, the Petition requests only a lower sentence. As a result, Marulanda's claims concerning the reasonableness of her sentence are also barred due to procedural default.

C. Merits of Petitioner's Arguments

Even if the Petition were not barred on procedural grounds, both of Marulanda's arguments fail on the merits.

i. Ineffective Assistance of Counsel Claims

Marulanda argues that she received ineffective assistance of counsel because her attorney, Richard Signorelli, failed to explain the Sentencing Guidelines to her, failed to argue at sentencing for a downward departure because of the aberrant nature of the offense, and refused to file an appeal on her behalf.

To show ineffective assistance of counsel, a petitioner must show that the attorney's conduct was deficient and that that deficient performance resulted in prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's conduct is deficient only where a petitioner can overcome the "strong presumption

8

that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To show that that deficiency caused prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

All three of Marulanda's ineffective assistance of counsel claims fail under the Strickland test. First, Marulanda's claim that Mr. Signorelli failed to explain the Sentencing Guidelines to her is belied by the transcripts of both her plea allocution and her sentencing, where she told the Court that she had discussed the relevant Guidelines and the PSR with her attorney. (See Tr. of 10/11/06 at 6-7, 13-16, 19; Tr. of 1/5/07 at 2.) These "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Marulanda has adduced no evidence, beyond a single conclusory allegation, to rebut the presumption that Mr. Signorelli did discuss the Sentencing Guidelines with her.

Second, Marulanda claims that Mr. Signorelli was ineffective in failing to argue, at sentencing, for a downward departure pursuant to section 5K2.20 of the Sentencing Guidelines, which provides that a court may downward depart where the offense qualifies as "aberrant behavior." Here too, Marulanda's claim is belied by the record. Mr. Signorelli's sentencing submission of December 29, 2006 and his argument before the Court on January 5, 2007 strongly emphasized

P-049

Marulanda's lack of criminal history. Mr. Signorelli specifically argued that "Ms. Marulanda has no prior criminal record and she has never even been arrested for any crime before this case . . . Her complete lack of a criminal record strongly favors a significant downward variance." (Letter of 12/29/06 at 5, 8; id. at 9 ("Marulanda's offense conduct was isolated and aberrant.")) At sentencing, Mr. Signorelli told the Court: "[Marulanda] is not an otherwise drug dealer . . . This is a brief situation and mistake . . . This is her first and last contact with the criminal justice system." (Tr. of 1/5/07 at 6-7.) Most importantly, however, Marulanda is not eligible for a downward departure on this basis under the plain terms of section 5K2.20 which provides that a court may not downward depart where the "offense of conviction is a serious drug trafficking offense." U.S.S.G. § 5K2.20(c)(3). Marulanda pled guilty to a serious drug offense. See id., App. Note 1. Failure to raise a meritless argument does not constitute ineffective assistance of counsel. See Duarte v. United States, 289 F. Supp. 2d 487, 491-92 (S.D.N.Y. 2003).

Third, Marulanda's claim that Mr. Signorelli was ineffective in failing to file an appeal also fails because the record is clear that Mr. Signorelli filed an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967). Mr. Signorelli's refusal to raise non-meritorious arguments on appeal does not constitute ineffective assistance of counsel. See McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 443-44 (1988) (filing an Anders brief does not constitute ineffective assistance of counsel).

P-049

Finally, because there was no error at sentencing, Marulanda fails to meet the prejudice prong of the <u>Strickland</u> test. <u>See</u> <u>Arango v. United States</u>, 1995 WL 732725, at *4 (2d Cir. 1995) ("Since there was no error in sentencing, petitioners cannot ascribe their sentences to ineffective assistance of counsel.").

In conclusion, the record reveals that Marulanda received highly effective assistance from Mr. Signorelli, who convinced the Government to offer her a plea agreement to a lesser-included offense, secured the benefit of the safety valve (allowing the Court to sentence Marulanda below the 60 month statutory minimum), and convinced the Court to sentence Marulanda at the bottom of the Guideline range.

### ii. Unreasonable Sentence Claims

The Petition also asserts that the Court erred in sentencing Marulanda because it imposed a sentence based on facts not proved beyond a reasonable doubt or admitted by Petitioner and because it did not adequately consider the factors listed in 18 U.S.C. § 3553(a).

This argument appears to be based on Petitioner's incorrect claim that she did not plead guilty pursuant to a plea agreement. <u>See</u> <u>supra</u>, n.1. As Judge Matsumoto advised Marulanda at her plea allocution on October 11, 2006, and as Marulanda indicated she understood, her decision to plead guilty waived her right to have a jury determine guilt beyond a reasonable doubt. (Tr. of 10/11/06 at 9-10.)

11

P-049

Both the plea agreement and the record of the plea allocution provide a factual record for finding Petitioner guilty of violating 21 U.S.C. §§ 846 and 841(a)(1) and awarding Petitioner the corresponding base offense level of 28. See United States v. O'Hara, 960 F.2d 11, 13 (2d Cir. 1992) ("A reading of the indictment to the defendant coupled with his admission to the acts described in it is a sufficient factual basis for a guilty plea."); PSR at ¶ 14. Contrary to Petitioner's claim, the Court did not enhance Petitioner's offense level, but instead granted her a two point reduction for the safety valve and a three point reduction for acceptance of responsibility, resulting in a total offense level of 23 and a corresponding Guideline range of 46 to 57 months.

Finally, the transcript of Marulanda's sentencing indicates that the Court carefully considered the factors listed in 18 U.S.C. § 3553(a), heard argument by defense counsel, and had considered the defense sentencing submission of December 29, 2006. In fact, the Court's decision to sentence Marulanda to the bottom of the Guideline range was motivated by its consideration of those factors. Marulanda has therefore failed to support her argument that her sentence was unreasonable. See United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006) (recognizing "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

P-049

III. <u>Conclusion</u>

For the foregoing reasons, the Petition is DENIED in its entirety. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. <u>See</u> 28 U.S.C. § 2253(c). The Clerk of Court is directed to close this case.

SO ORDERED.

DATED:
    May 26, 2009
    Brooklyn, New York

s/b Judge Johnson
Sterling Johnson, Jr, U.S.D.J.